Thomas PRATT, Plaintiff—Appellant,

v.

CALIFORNIA STATE BOARD OF PHARMACY; California Office of Administrative Law; Patricia Harris; Virginia Herold; Applied Measurement Professionals Inc.; William Gausewitz, Defendants—Appellees.

No. 06–15864.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2008.

Filed March 3, 2008.

---

Patricia J. Barry, Esq., Los Angeles, CA, for Plaintiff–Appellant.

Daniel Lawrence Helfat Fax, AGCA—Office of the California Attorney General, Los Angeles, CA, Laudia Jane Robinson, Esq., Bruce Leroy Shaffer, Esq., Lewis Brisbois Bisgaard & Smith LLP, Sacramento, CA, for Defendants–Appellees.

Before: THOMAS and BYBEE, Circuit Judges, and BLOCK,* Senior District Judge.

## MEMORANDUM **

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. Thomas Pratt brought suit, seeking declaratory and injunctive relief, against the California State Board of Pharmacy and Patricia Harris and Virginia Herold, in their capacities as its officers (collectively "CSBP"), and Applied Measurement Professionals ("AMP"). Pratt alleged that the California pharmacist licensing exam violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, either because the essay portion of the exam discrimi-nated on the basis of race, or because the exam was so unreliable as to be a violation of due process. He alleged AMP was negligent in developing the exam. Pratt appeals the district court's grants of summary judgment in favor of the defendants which was based, in part, on its decisions to prohibit Pratt from proceeding on a new theory offered after the close of discovery and to exclude the declaration of Pratt's expert. Because Pratt has failed to come forward with evidence that would create a triable issue of fact on any of his claims, we affirm the decisions of the district court.

## I. AMP's Motion for Summary Judgment

■ The district court did not abuse its discretion when it refused to continue AMP's motion for summary judgment pending the hearing on Pratt's motion to compel discovery. Pratt failed to come forward with any relevant evidence, such as an expert declaration, that demonstrated why the sought-after discovery was essential to resist the summary judgment motion. FED. R. CIV. P. 56(f); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998).

■ The district court did not err in granting summary judgment for AMP on Pratt's tort claims. Pratt raised numerous claims about the reliability of the exam, concerning, *inter alia*, whether the exam was based on the responsibilities of California pharmacists, whether the exam had a high enough "reliability coefficient," and whether the passing score had been arbitrarily set or changed. AMP and CSBP came forward with expert declarations and documentary evidence suggesting that AMP followed a process designed to gen-

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

erate a reliable exam that related to the responsibilities of California pharmacists. Pratt presented no relevant evidence, such as an expert declaration, that created a triable issue of material fact on whether AMP breached its duty of care as a professional examination consultant. *See* RE-STATEMENT (SECOND) OF TORTS § 289; *cf. Turpin v. Sortini,* 31 Cal.3d 220, 182 Cal. Rptr. 337, 643 P.2d 954, 959–60 (1982).

## II. CSBP's Motion for Summary Judgment

■ The district court did not err in granting summary judgment for CSBP on Pratt's constitutional claims. Pratt was unable to generate a triable issue of fact on either (1) disparate impact, or (2) intent to discriminate. *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). Similarly, under a due process theory, Pratt failed to generate a triable issue of fact on whether the licensing examination was "arbitrary and irrational and had no relationship to a legitimate government objective." *City of Los Angeles v. McLaughlin,* 865 F.2d 1084, 1088 (9th Cir.1989). CSBP came forward with declarations and documentary evidence tending to show the exam was reliable, and that there was no ability or intent to discriminate in the design or administration of the exam.

■ The district court did not abuse its discretion in refusing to permit Pratt to proceed on his new theory that CSBP's failure to maintain statistics on pass rates by race was itself a constitutional violation. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292–93 (9th Cir.2000). Further, the district court did not abuse its discretion in excluding the declaration of Dr. Poggio. Pratt never properly disclosed this expert or provided an expert report, nor did he seek an extension to do so. FED.R.CIV.P.

26(a)(2); *see Quevedo v. Trans–Pac. Shipping. Inc.,* 143 F.3d 1255, 1258 (9th Cir. 1998). The district court properly excluded Pratt's theory because: (1) Pratt had never pleaded anything similar to it previously; (2) his only support for it was the report of a previously undisclosed expert; (3) he failed to provide any legal authority to support his theory; and (4) he did not articulate how the failure to maintain statistics can violate the Fourteenth Amendment.

## III. Motions for Judicial Notice

■ We deny Pratt's requests for judicial notice of (1) a letter from CSBP stating that it does not maintain statistics by race, and (2) a printout from a hospital pharmacy with information about a brand-name drug. Both of these offerings are hearsay and their relevance to Pratt's claim is disputed. *See* FED.R.EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

The district court's grants of summary judgment against AMP and CSBP are **AFFIRMED.** Pratt's requests for judicial notice are **DENIED.**